# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JACK ALLEN WILSON,                          CASE NO. 1:01-CV-6538-REC-LJO-P

          Plaintiff,          FINDINGS AND RECOMMENDATIONS
                                            RECOMMENDING DEFENDANTS' MOTION
   v.                                       TO DISMISS BE DENIED

CALIFORNIA DEPARTMENT OF                    (Doc. 64)
CORRECTIONS, et al.,

          Defendants.
_____/

I.     <u>Defendant's Motion to Dismiss</u>

    A.    <u>Procedural History</u>

        Plaintiff Jack Allen Wilson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's second amended complaint, filed January 6, 2004, against defendants Terhune, Presley, Galaza, Yee, and Bendon for enacting, implementing, and/or enforcing policies and/or practices that resulted in deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment.[1]  On December 20, 2004, pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants Terhune, Galaza, Yee, and Bendon ("defendants") filed a motion to dismiss for failure to state any claims upon which relief may be granted.[2]  (Doc. 64.)  Plaintiff filed an opposition to the motion on February 7, 2005.  (Doc. 71.)  Defendants did not file a reply.

---

[1] Plaintiff also alleges a claim for relief based on violation of the California Constitution.

[2] Defendant Presley has not yet been located and served.

B.     Legal Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  The federal system is one of notice pleading.  Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002).  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514.  Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

1    C.    Discussion

2        The court has a statutory duty to screen complaints in cases such as this and dismiss any

3  claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); 28 U.S.C.

4  § 1915A.  Given this requirement, the court is disinclined to view with favor a subsequent motion

5  to dismiss for failure to state a claim.  The instant motion is no exception.

6        A prisoner's claim of inadequate medical care does not constitute cruel and unusual

7  punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical

8  needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves

9  an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,

10 "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501

11 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of

12 mind," which entails more than mere negligence, but less than conduct undertaken for the very

13 purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.  A prison official does not act in a

14 deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

15 inmate health or safety."  Id.

16       In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's

17 civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere

18 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

19 Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at

20 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical

21 condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

22 Medical malpractice does not become a constitutional violation merely because the victim is a

23 prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310,

24 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other

25 grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Even gross

26 negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood

27 v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with

28 ///

diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Defendants Terhune, Galaza, Yee, and Bendon all held supervisory positions at the time of the events at issue in this action.  Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Defendants argue that plaintiff's allegations are insufficient to give rise to claims for relief under section 1983.  Defendants contend that vicarious liability is not a ground upon which liability may be imposed under section 1983, and that the complaint does not contain any allegations that defendants Yee and Bendon provided deliberately indifferent medical care.  The court rejects defendants' framing of plaintiff's claims.

The court did not find that plaintiff's complaint stated a cognizable Eighth Amendment claims based on vicarious liability.  Plaintiff's claims against defendants are premised on their involvement in promulgating or "implement[ing] a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  For example, plaintiff alleges that defendants approved, continued, or authorized a policy of not providing inmates with therapeutic medical diets.  Plaintiff alleges that the failure to provide him with a special diet resulted in deliberate indifference to his serious medical needs.

Further, defendants Yee and Bendon are or were Chief Medical Officers at CSP-Corcoran. The claims against Yee and Bendon are also premised on the theory of supervisory liability. Thus, the absence of factual allegations demonstrating that they were directly involved in plaintiff's medical care is not grounds for dismissal of the claims against them.

Plaintiff's claims may well not survive a summary judgment motion, as plaintiff will be required to come forward with evidence supporting his claims that defendants, via a supervisory liability theory, caused the deliberate indifference to his serious medical needs. However, as previously stated, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). At this stage in the proceedings, the court declines to find that the allegations set forth in the second amended complaint are insufficient to state claims under the Eighth Amendment.

D.   Conclusion

In conclusion, the court rejects defendants' argument that plaintiff's factual allegations are insufficient to give rise to claims for relief under section 1983. Because the court rejects defendants' motion to dismiss plaintiff's federal claims, the court does not reach defendants' argument that the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims.

Accordingly, it is HEREBY RECOMMENDED that:

1.   Defendants' motion to dismiss for failure to state any claims upon which relief may be granted, filed December 20, 2004, be denied; and

2.   Should this Findings and Recommendations be adopted in full, defendants be ordered to file a response to plaintiff's second amended complaint within thirty days from the date of the issuance of the district court's order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

**days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    July 1, 2005**                              _____/s/ Lawrence J. O'Neill_____
b9ed48                                                            UNITED STATES MAGISTRATE JUDGE