UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ALLEN WILSON,<br><br>           Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:01-CV-06538-OWW-LJO-P<br><br>SECOND ORDER DIRECTING UNITED STATES MARSHAL TO INITIATE SERVICE OF PROCESS ON DEFENDANT PRESLEY, WITHOUT PREPAYMENT OF COSTS<br><br>(Doc. 115) |

On April 14, 2006, the court directed the United States Marshal to initiate service of process on defendant R. Presley. (Doc. 113.) On May 8, 2006, the Marshal returned the summons and USM-285 form for defendant Presley with a notation that the California Department of Corrections and Rehabilitation (CDCR) was unable to locate the defendant. (Doc. 115.)

The court and the Marshal have a statutory duty to service process on plaintiff's behalf. 28 U.S.C. 1915(d); Fed. R. Civ. P. 4(c)(2). In light of the fact that defendant R. Presley is the former Secretary of the Youth and Adult Corrections Agency, the court finds the bare assertion by the Personnel Services Division that the defendant cannot be located to be insufficient to allow the court to discharge this duty on the ground that defendant Presley cannot be located. For this reason, the court shall direct the Marshal to re-attempt service on defendant Presley. **The Marshal shall contact the Legal Affairs Division and request the assistance of a special investigator prior to initiating mailing of the waiver.**

///

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to forward the following documents to the United States Marshal:

    (1) One completed and issued summons for <u>each</u> defendant to be served;

    (2) One completed USM-285 form for <u>each</u> defendant to be served;

    (3) One copy of the second amended complaint filed on January 6, 2004 for <u>each</u> defendant to be served, plus an extra copy for the Marshal;

    (4) One copy of this order for <u>each</u> defendant to be served, plus an extra copy for the Marshal; and

    (5) One copy of the court's consent form for <u>each</u> defendant to be served;

2. Within ten days from the date of this order, the United States Marshal is directed to notify the following defendant of the commencement of this action and to request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c):

    **R. PRESLEY, Former Secretary of the Youth and Adult Corrections Agency**

3. The U.S. Marshal is directed to retain the summons and a copy of the complaint in their file for future use.

4. The United States Marshal shall file the returned waiver of service, or the request for waiver if it is returned as undelivered, as soon as it is received.

5. **<u>In attempting to locate defendant and prior to mailing the waiver, the Marshal shall contact the Legal Affairs Division in Sacramento and request the assistance of a special investigator.</u>**

6. If a waiver of service is not returned by a defendant within sixty days of the date of mailing the request for waiver, the United States Marshal shall:

    a. Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from CDCR to execute this order.

The United States Marshal shall maintain the confidentiality of all information provided by the CDCR pursuant to this order.

    b.    Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

7. In the event that defendant makes an appearance in this action by filing an answer, dispositive motion, or other pleading, the U.S. Marshals Service need not personally serve defendant.

8. In the event that defendant either waives service or is personally served, defendant is required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

IT IS SO ORDERED.

**Dated:**     **June 30, 2006**                    **/s/ Lawrence J. O'Neill**
i0d3h8                                              UNITED STATES MAGISTRATE JUDGE