# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ALLEN WILSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:01-CV-06538-OWW-LJO-P<br><br>ORDER DENYING DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO FILE A PRE-TRIAL DISPOSITIVE MOTION DUE TO GOOD CAUSE NOT BEING ESTABLISHED IN MOTION, BUT SUA SPONTE EXTENDING DEADLINE FOR GOOD CAUSE<br><br>(Doc. 125)<br><br>Pre-trial Dispositive Motion Deadline: 04-30-07 |

　　　　Plaintiff Jack Allen Wilson ("plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's second amended complaint, filed January 6, 2004, against defendants Terhune, Presley, Galaza, Yee, and Bendon for enacting, implementing, and/or enforcing policies and/or practices that resulted in deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment.[1]

　　　　Pursuant to the court's scheduling order filed on November 16, 2005, the deadline for filing pre-trial dispositive motions was September 18, 2006. The scheduling order applied to plaintiff and defendants Terhune, Galaza, Yee, and Bendon. Defendant Presley, who was recently located, waived service and filed an answer on September 18, 2006. In a separate order issued concurrently with this order, the court issued the discovery and scheduling order applicable to defendant Presley and plaintiff, as to plaintiff's claim against Presley. On September 18, 2006, defendants Terhune,

---

[1] Plaintiff also alleges a claim for relief based on violation of the California Constitution.

1

1  Galaza, Yee, and Bendon filed a motion seeking a thirty-day extension of time to file a pre-trial
2  dispositive motion.
3      Based on their motion, it appears that defendants Terhune, Galaza, Yee, and Bendon are
4  under the mistaken impression that the scheduling deadline of September 18, 2006, applies to
5  defendant Presley despite his appearance in this action on that date.  That is incorrect, as defendant
6  Presley is subject to a separate scheduling order.  Because the misimpression forms the basis of
7  defendants' motion, the court cannot find that good cause has been set forth in the motion.  However,
8  in light of the nature of plaintiff's claims against defendants, all of which arise from his medical care,
9  the court finds, *sua sponte*, that good cause exists to extend the motion deadline because it is in the
10 interest of efficiency and conservation of judicial resources to consider one motion for summary
11 judgment on behalf of all five defendants.  Therefore, the deadline shall be extended from September
12 18, 2006, to April 30, 2007, which is the deadline set forth in the scheduling order applicable to
13 defendant Presley.[2]
14     The court notes that plaintiff's motion to compel and motion for an extension of the
15 discovery deadline as between plaintiff and defendants Terhune, Galaza, Yee, and Bendon is
16 pending.  The court will address those motions in due course.
17     Based on the foregoing, it is HEREBY ORDERED that:
18 1.  Defendants' motion for a thirty-day extension of the pre-trial dispositive motion
19     deadline, filed September 18, 2006, is DENIED on the ground that good cause was
20     not established in the motion; and
21 2.  The pre-trial dispositive motion deadline set forth in the scheduling order filed on
22     November 16, 2005, is *sua sponte* extended from September 18, 2006, to April 30,
23     2007.
24
25 IT IS SO ORDERED.
26 **Dated:   September 20, 2006**          /s/ Lawrence J. O'Neill
   i0d3h8                         UNITED STATES MAGISTRATE JUDGE
27
28

---

[2] No party is precluded from filing a dispositive motion prior to the deadline.