# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ALLEN WILSON,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>        Defendants. | CASE NO. 1:01-CV-06538 OWW LJO P<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF OFFICER TO ADMINISTER OATH AND TAKE DEPOSITION TESTIMONY (Doc. 114)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL, AND REQUIRING DEFENDANTS TO SERVE FURTHER RESPONSES WITHIN FORTY-FIVE DAYS (Docs. 116 and 118)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN EXTENSION OF THE SCHEDULING ORDER DEADLINES, AND EXTENDING DISCOVERY DEADLINE TO FEBRUARY 26, 2007, LIMITED TO ISSUES IN MOTION TO COMPEL (Doc. 121) |

I.    Order

      A.    Procedural History

Plaintiff Jack Allen Wilson ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's second amended complaint, filed January 6, 2004, against defendants Terhune, Presley, Galaza, Yee, and Bendon for enacting, implementing, and/or enforcing policies and/or practices that resulted in deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth

1

Amendment.[1]  Pending before the court are plaintiff's motion for the appointment of an officer to administer the oath and take testimony at defendants' depositions, motion to compel, addendum to motion to compel, and motion to modify the scheduling order.

### B. Motion for Appointment of Officer to Take Deposition

On April 26, 2006, plaintiff filed a motion seeking the appointment of an officer to administer the oath and take testimony at defendants' depositions, which plaintiff desires to take. Defendants did not file a response.

The court cannot appoint an officer to take defendants' depositions at taxpayer expense. Although plaintiff is proceeding in forma pauperis, in forma pauperis status does not provide for the relief plaintiff seeks. See Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989). There is no entitlement to discovery via deposition. If plaintiff wishes to depose defendants, he must bear the costs. Accordingly, plaintiff's motion is denied.

### C. Plaintiff's Motion to Compel

On May 8, 2006, plaintiff filed a timely motion to compel further responses to select requests for the production of documents, interrogatories, and requests for admission. Defendants Terhune, Galaza, Bendon, and Yee ("defendants") filed an opposition on May 25, 2006.[2]

#### 1. Waiver of Objections

In his motion, plaintiff contends that defendants' responses to his request for the production of documents and interrogatories were untimely. Plaintiff's contention that defendants had thirty days within which to serve responses to his discovery requests is incorrect, as the court's discovery and scheduling order provides parties forty-five days within which to serve responses to discovery requests, and Federal Rule of Civil Procedure 6(e) provides an additional three days. (Doc. 99.) Nonetheless, even allowing forty-eight days rather than thirty days, defendants' responses were overdue by one day.

///

---

[1] Plaintiff also alleges a claim for relief based on violation of the California Constitution.

[2] Defendant Presley did not make an appearance in this action until September 18, 2006, and is not a party to the motion to compel.

Plaintiff attests that he served the request for production of documents and interrogatories on defendants on December 23, 2005, but they failed to timely respond. (Motion, pg. 2.) Pursuant to the court's order, the responses should have been served on or before February 9, 2006, but were served on February 10, 2006. (Id., P's Ex. 2A, 2C.) Defendants' failure to serve their responses on or before February 9, 2006, resulted in a waiver of their objections.[3] Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992); Davis v. Fendler, 650 F.3d 1154,1160 (9th Cir. 1981); Woods v. Kraft Foods, Inc., No. CV F 05-1587 LJO, 2006 WL 2724096, *1-2 (E.D. Cal. Sept. 22, 2006).

    2.    Requests for Production of Documents

Plaintiff seeks to compel the production of documents responsive to four requests, numbers one, five, six, and seven, directed to defendants Terhune, Galaza, Bendon, and Yee. (Motion, pgs. 5-9.) Turning first to the requests for documents pertaining to grievances, etc., plaintiff seeks production of (1) "[a]ny and all grievances, complaints, or other documents received by the defendants or their agents at Sacramento, CA, or CSP-Corcoran concerning the denial of adequate medical care for diabetic inmates, which includes denial of medical diets, numerous daily fingersticks, and daily exercise required to monitor and control their diabetes, and insulin or medication, and any memoranda, investigative files, or other documents created in response to such documents, since December 2000," and (2) "[a]ny logs, lists, or other documentation reflecting grievances filed by CSP-Corcoran inmates from December 2000 to the date of your response regarding medical diets, daily exercise, insulin, medication, numerous daily fingers sticks required to monitor and control diabetes." (Id., P's Exhibit. 1, Requests One and Seven.)

Defendants objected to the requests on the grounds of vagueness and over broadness, and as seeking information not reasonably calculated to lead to admissible discovery and privileged information. (Id., P's Ex. 2A, pgs. 3-5.) Further, in their opposition, defendants assert that grievances are kept in inmate files or filed by type of grievance. (Opp., 4:25-26.) However,

---

[3] Defendants did seek additional time to respond to some discovery requests and their request for a time extension was granted. (Docs. 103, 105.) However, the request for production of documents and interrogatories at issue in this motion were not included.

3

1  defendants neither objected to the requests as overly burdensome nor submitted evidence in support
2  of their assertion.  Argument set forth in defendants' opposition may not substitute for facts
3  supported by evidence.

4        Plaintiff is seeking all (1) grievances, complaints, or other documents regarding the denial
5  of medical care as it pertains to diabetic inmates, including diet, exercise, daily fingersticks, and
6  insulin or other medication, including documents created in response to said grievance, complaints,
7  etc., and (2) logs, lists, or other documents filed by inmate at CSP-Corcoran from December 2000
8  regarding diet, exercise, daily fingersticks, and insulin or other medication.  In the court's
9  experience, the type of documentation sought by plaintiff has been supplied in past proceedings.  It
10 appears to the court that the information sought by plaintiff would come from limited sources, such
11 as inmate appeals and staff complaints, and the documents created in response to those grievances
12 and complaints.  The court does not imagine that the requests encompass a multitude of different
13 types of documentation.  In any event, defendants have waived their objections to this request.

14       To the extent that request number one is vague as to time, plaintiff clarified in his motion that
15 with respect to both requests, he is seeking documents initially generated during the two-year period
16 he was at CSP-Corcoran.  Further, plaintiff indicated his amenability to redaction of other inmates'
17 names and CDC numbers from the documents.  Therefore, plaintiff's motion to compel a response
18 to this request is granted, as narrowed in this paragraph.  Defendants have forty-five days from the
19 date of service of this order to serve plaintiff with the requested documents.

20       Next, plaintiff seeks to compel the production of (1) "[a]ll sick call sheets, including sheets
21 monitored blood sugar levels from the period of December 2000 to the end of plaintiff's
22 incarceration," and (2) "plaintiff's complete medical records from December 2000 to the end of his
23 incarceration." (Motion, P's Ex. 1, Requests Five and Six.)  Defendants objected on grounds of
24 vagueness and over broadness, and as not reasonably calculated to lead to the discovery of
25 admissible evidence, but nonetheless provided the address at which plaintiff could obtain the records.
26 (Id., P's Ex. 2A, pg. 4, Requests Five and Six.)  In their opposition, defendants contend that the
27 documents plaintiff is seeking are contained in archived files and are available to plaintiff for
28 inspection and copying, at ten cents a page.  Defendants argue that although plaintiff asserts he is

indigent, he has made no showing that he is unable to pay copy costs or that retrieval of the documents is more burdensome on him than on defendants.

Because defendants' objections were waived due to their untimely response, plaintiff's motion to compel responses to numbers five and six is granted. Defendants have forty-five days from the date of service of this order to serve plaintiff with the requested documents.

### 3. Interrogatories

Plaintiff seeks to compel responses to interrogatories one and two directed at defendant Terhune. Interrogatory one seeks the following: "State the duties of defendants C. A. Terhune, Director of the California Department of Corrections, R. Presley, Secretary of the Youth & Adult Corrections Agency, Sacramento, G. M. Galaza, Warden of CSP-Corcoran, B. Yee, M.D., Chief Medical Officer CSP-Corcoran, M. L. Bendon, Health Care Manager at CSP-Corcoran. If those duties are set forth in any job description or other document, produce the document." (Motion, P's Ex. 2C, pg. 3.) Interrogatory two seeks the following: "State the names, titles, and duties of all staff members in Sacramento, and CSP-Corcoran, other that defendants in paragraph 1, who have responsibility for ensuring that inmates' requests for medical attention for diabetic inmates are responded to. If those duties are set forth in any job description or other document, produce the document." (Id.)

Defendant Terhune objected to both interrogatories on the ground that they seek information not within his personal knowledge, possession, custody, or control. (Id.) Notwithstanding his objection, defendants provided a duty statement with job description for each defendant. (Opp., 7:4-5; Exhibits D-G.)

With respect to interrogatory number one, although plaintiff contends in his motion that only defendant Terhune's duty statement was produced, duty statements for defendants Bendon, Yee, and Galaza were attached to defendants' opposition. Thus, plaintiff should be in possession of those documents. The court has reviewed plaintiff's interrogatory and defendant's response. The documents produced appear responsive to plaintiff's request. With respect to plaintiff's contention that defendant Terhune's duty statement does not state he is responsible for providing necessary medical care, plaintiff has made no showing that a separate duty statement exists. Plaintiff may not

5

command that a document be created to state what he wants it to state. With respect to the Daily Operations Manual referenced by plaintiff in his motion, defendant Terhune is required to furnish information as is available to him. Fed. R. Civ. P. 33. Plaintiff is seeking information via an interrogatory. Plaintiff is apparently aware, or believes, that relevant information is contained in a manual. Such information must be sought via a request for the production of documents. Plaintiff's interrogatory as drafted may not be parlayed into a fishing expedition for documents in the operations manual. Plaintiff may, pursuant to this order, redraft and reserve his request if he wishes to obtain this material.

Defendants did not specifically address plaintiff's motion to compel a response to interrogatory number two. Defendant Terhune is no longer the Director of the California Department of Corrections and Rehabilitation and the court believes he is in fact retired. It does not appear to the court that the information sought by plaintiff in his second interrogatory is known or available to defendant Terhune. Although defendant Terhune waived his objection due to untimeliness, the court cannot order him to produce information he is unable to produce. Accordingly, plaintiff's motion to compel further responses interrogatories one and two is denied. Plaintiff may make another attempt to obtain this information via discovery if he so chooses.

### 4. Requests for Admissions

Plaintiff seeks to compel responses to request for admission number three directed at defendant Terhune and request for admission number eighteen directed at defendant Bendon. Plaintiff requested, "Defendants, [w]hat is the proper policy and procedure to monitor and control blood sugar levels?" and "Defendants, who is the responsible (party, parties, or person(s)) for writing the State issued weekly menus?" (Motion, P's Ex. 2D, pg. 3, RFA #3, Set One, Terhune & P's Ex. 2G, pg. 7, RFA #18, Set One, Bendon.) Defendants Terhune and Bendon objected on the ground that the request did not seek an admission or denial of a fact known, or ascertainable, by them.

Plaintiff argues that he is entitled to answers and documents responsive to his requests because the information sought is relevant. Plaintiff also requests that the court compel defendants to respond to his revised, clarified discovery requests, served after defendants responded and objected to his earlier requests at issue here. Defendants contend that plaintiff's requests were not

properly formatted to permit them to admit or deny facts. In addition, defendants contend that despite the deficiency in form, they provided plaintiff with a copy of the document setting forth policies and procedures for monitoring diagnosed diabetic prisoners, which contains the information sought by plaintiff.

Defendants' objection to plaintiff's requests for admission were justified. A request for admission must be formatted so that the defendant can either admit or deny the request. Plaintiff's request sought information not amenable to admission or denial. Rather, to obtain the type of information sought, plaintiff's request should have been set forth as interrogatories. Accordingly, plaintiff's request to compel an answer to these requests for admission is denied.

Further, the court declines to compel a response to plaintiff's revised, clarified discovery requests. The requests were served on March 31, 2006, and defendants' responses did not need to be served until May 15, 2006. Thus, plaintiff's May 8 motion to compel a response to these requests was premature. Plaintiff may redraft and reserve a discovery request in an attempt to obtain this information, or may file a motion to compel relating to his redrafted requests.

### D.   Addendum to Motion to Compel

On May 22, 2006, plaintiff filed an addendum to his motion to compel seeking an order compelling defendants to provide defendant Presley's correct address of record. The court addressed the issue of defendant Presley's location via order filed July 6, 2006, and defendant Presley was located, waived service of summons, and filed an answer. Accordingly, this issue is now moot and plaintiff's motion is denied on that ground.

### E.   Motion for Extension of Scheduling Order Deadlines

On July 14, 2006, plaintiff filed a motion seeking an extension of the scheduling order deadlines. Defendants did not file a response.

Modification of a scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b). With the exception of referencing his pending motion to compel and asserting that defendants continue to deny him discovery, plaintiff's motion is bare of any explanation concerning what it is he needs more time to do or of any showing of due diligence. Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002). Therefore, the court declines to extend the

discovery deadline without restriction. However, because plaintiff's motion to compel was filed before the expiration of the discovery deadline but not resolved by the court until after the expiration of the deadline, the deadline shall be extended as to matters at issue in the motion to compel. The deadline shall be extended four months, which should allow defendants to respond to the requests for production of documents, plaintiff to propound any further follow-up discovery requests, and either plaintiff or defendants to seek further court intervention if necessary.

Plaintiff has made no showing of good cause concerning an extension of the deadline to amend the pleadings, and on September 20, 2006, the court extended the deadline for filing pre-trial dispositive motions to April 30, 2007. For those reasons, plaintiff's motion for an extension of the deadlines to amend pleadings and file dispositive motions is denied.

F.   Conclusion

As set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's motion seeking the appointment of an officer to administer the oath and take testimony at defendants' depositions, filed April 26, 2006, is DENIED;

2. Plaintiff's motion to compel is GRANTED IN PART AND DENIED IN PART as follows:

   a. Plaintiff's motion to compel responses to document production requests one and seven is granted, as narrowed and clarified by this order, and defendants have **forty-five (45) days** within which to serve responses;

   b. Plaintiff's motion to compel responses to document production requests five and six is granted, and defendants have **forty-five (45) days** within which to serve responses;

   d. Plaintiff's motion to compel responses to interrogatories one and two is denied;

   e. Plaintiff's motion to compel an answer to requests for admission three (Terhune) and eighteen (Bendon) is denied; and

   f. Plaintiff's motion to compel an answer to his revised, clarified discovery requests is denied as premature;

8

3. Plaintiff's addendum to his motion to compel seeking an order compelling defendants to provide defendant Presley's correct address of record, filed May 22, 2006, is DENIED as moot; and

4. Plaintiff's motion for an extension of the deadlines set forth in the scheduling order is GRANTED IN PART AND DENIED IN PART as follows:

   a. Plaintiff's motion for an extension of the discovery deadline is GRANTED and the deadline is extended to **February 26, 2007**, limited to the discovery at issue in plaintiff's motion to compel filed May 8, 2006, including any follow-up requests arising out of the production of documents ordered herein;

   b. Plaintiff's motion for an extension of the deadline to amend the pleadings is DENIED; and

   c. Plaintiff's motion for an extension of the deadline to file pre-trial dispositive motions is DENIED as moot in light of the court's previous order extending the deadline to April 30, 2007.

IT IS SO ORDERED.

**Dated:   October 13, 2006**        /s/ Lawrence J. O'Neill
b9ed48                              UNITED STATES MAGISTRATE JUDGE