# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ALLEN WILSON,<br><br>                    Plaintiff,<br><br>        v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. 1:01-cv-06538-OWW-LJO PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS SEEKING LEAVE TO AMEND ON THE GROUNDS THAT THE DEADLINE TO AMEND HAS PASSED, AND THE CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS (Docs. 130 and 134)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SCAN LODGED PROPOSED THIRD AMENDED COMPLAINT IN ITS ENTIRETY FOR THE RECORD (Doc. 131) |

Plaintiff Jack Allen Wilson ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's second amended complaint, filed January 6, 2004, against defendants Terhune, Presley, Galaza, Yee, and Bendon ("defendants") for enacting, implementing, and/or enforcing policies and/or practices that resulted in deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment.[1]  On November 2, 2006, plaintiff filed a motion seeking leave to file a third amended complaint and a proposed third amended complaint.  On December 28, 2006, plaintiff filed a motion seeking leave to add two defendants to his proposed third amended complaint.  Defendants did not file a response to either motion.

///

---

[1] Plaintiff also alleges a claim for relief based on violation of the California Constitution.

1

1    The deadline to amend the pleadings in this action was August 17, 2006, and on October 17,
2 2006, the court denied plaintiff's motion for an extension of the deadline on the ground that plaintiff
3 failed to show good cause to modify the scheduling order.[2] Fed. R. Civ. P. 16(b). (Docs. 99, 129.)
4 Accordingly, the time within which to move to amend the complaint expired on August 17, 2006,
5 and plaintiff's motions are untimely.

6    Further, the events at issue in this action occurred between December 14, 2000, and
7 November 27, 2002, while plaintiff was housed at California State Prison-Corcoran. (Doc. 42, ¶15.)
8 Plaintiff seeks to add new parties to this action, although the bases of his claims remain the same -
9 alleged deliberate indifference to his serious medical needs while housed at CSP-Corcoran.

10   Federal law determines when a civil rights claim accrues. See Elliott v. City of Union City,
11 25 F.3d 800, 801-802 (9th Cir. 1994). Under federal law, a claim accrues when the plaintiff knows
12 or has reason to know of the injury which is the basis of the action. Kimes v. Stone, 84 F.3d 1121,
13 1128 (9th Cir.1996). Because section 1983 contains no specific statute of limitations, federal courts
14 should borrow state statutes of limitations for personal injury actions in section 1983 suits. See
15 Wilson v. Garcia, 471 U.S. 261, 276 (1985); Torres v. City of Santa Ana, 108 F.3d 224, 226 (9th Cir.
16 1997); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991). At the time plaintiff's claim accrued,
17 the applicable statute of limitations in California for section 1983 claims was one year. Cal. Civ.
18 Proc. Code § 340(3); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (Cal. Civ. Proc. § 335.1,
19 extending the statute of limitations from one year to two years, does not apply to claims that accrued
20 prior to January 1, 2003).

21   In actions where the federal court borrows the state statute of limitation, the court should also
22 borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v.
23 Straub, 490 U.S. 536, 539 (1989). Pursuant to the California Code of Civil Procedure section 352.1,
24 a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as
25 follows:

---

[2] The scheduling order issued on September 20, 2006, was specifically limited to plaintiff and defendant Presley, as to plaintiff's claim against defendant Presley. (Doc. 127.) Thus, plaintiff may not move to amend to add new parties under that scheduling order.

2

>    (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Thus, incarcerated plaintiffs have three years from the date that the cause of action accrued in which to file suit, if the cause of action accrued while said plaintiff was incarcerated.

Plaintiff seeks to add new parties upon whom he wishes to impose liability for claims which accrued between December 14, 2000, and November 27, 2002. Plaintiff had three years within which to file suit. At the latest, the statute of limitations ran on plaintiff's claims on November 27, 2005.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motions to amend, filed November 2, 2006, and December 28, 2006, are DENIED on the grounds that the deadline to amend the pleadings has expired, and the statute of limitations bars plaintiff's new claims in any event; and

2. The Clerk's Office shall scan plaintiff's proposed third amended complaint, lodged November 2, 2006, to make complete the court's record.

IT IS SO ORDERED.

**Dated:   January 22, 2007**            /s/ Lawrence J. O'Neill
b9ed48                                   UNITED STATES MAGISTRATE JUDGE

3