# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ALLEN WILSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:01-cv-06538-LJO-GSA PC<br><br>ORDER (1) VACATING TELEPHONIC TRAL CONFIRMATION HEARING SET FOR JUNE 4, 2009, AND JURY TRIAL SET FOR JUNE 29, 2009, AND (2) DISMISSING ACTION, WITH PREJUDICE, BASED ON PLAINTIFF'S NON-COMPLIANCE WITH THE COURT'S SCHEDULING ORDER<br><br>(Docs. 163 and 167) |

**Dismissal Order**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Jack Allen Wilson, a former state prisoner proceeding pro se and in forma pauperis. This matter is set for a telephonic trial confirmation hearing on June 4, 2009, at 8:30 a.m. and jury trial on June 29, 2009, at 8:30 a.m. This action is proceeding on Plaintiff's remaining claims that Defendants Terhune, Presley, Galaza, Yee, and Bendon violated the Eighth Amendment of the United States Constitution and California tort law.

## I.    Failure to Comply with Scheduling Order

On January 23, 2009, the Court issued a scheduling order requiring Plaintiff to file a pretrial statement on or before April 14, 2009. Plaintiff failed to file a pretrial statement and on May 4, 2009, the Court ordered Plaintiff to show cause within fifteen days why this action should not be dismissed as a sanction. Plaintiff's response was due on or before May 26, 2009, and none was received.[1]

The failure to obey a scheduling order is grounds for the imposition of sanctions. Fed. R. Civ. P. 16(f)(1)(C). Plaintiff was given notice by the Court on May 9, 2002, in the first

---

[1] Because Plaintiff is no longer incarcerated, what is commonly referred to as the prison mailbox rule does not apply. Caldwell v. Amend, 30 F.3d 1199, 1202 (9th Cir. 1994); Houston v. Lack, 487 U.S. 266, 270 (1988).

1

informational order, that the failure to obey a court order is grounds for sanctions, including dismissal, and the second scheduling order contained notice to Plaintiff that the failure to file a pretrial statement in compliance with the order may result in the imposition of sanctions, including dismissal. (Docs. 14, 163.) Finally, in the order to show cause, the Court warned Plaintiff that the failure to respond to the order would result in dismissal. (Doc. 167.)

"A scheduling order is not a frivolous piece of paper, idly entered . . . ." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (internal quotations and citation omitted). Parties are required to exercise due diligence, Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d at 607), and the Court finds that Plaintiff's failure to file a pretrial statement and failure to show cause warrant the imposition of sanctions.

## II.     Dismissal as a Sanction

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court
///
in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

This case has been pending since 2001, and is set for jury trial next month. The expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal here given that this action has been pending more than seven years, and Plaintiff was given ample time to begin trial preparation and comply with the scheduling order. See In re PPA, 460 F.3d at 1227. This Court has an enormous caseload, and when litigants disregard orders of the court and deadlines,

the Court's ability to manage its docket and guide cases toward resolution is significantly compromised. See id.

Next is risk of prejudice to Defendants. In this instance, there is no identifiable prejudice to Defendants. See id. at 1227-28.

Further, while public policy favors disposition on the merits and therefore weighs against dismissal, it is Plaintiff's own conduct which is at issue here and which has stalled the case. See id. at 1228.

Finally, monetary sanctions are not available, given that Plaintiff is proceeding in forma pauperis. Discovery is closed and the deadline for filing pretrial motions has passed, rendering unavailable the Court's ability to impose any limitations on Plaintiff in those areas as a sanction. Lastly, the preclusion of evidence or witnesses is not an available sanction given that Plaintiff failed to identify any exhibits or provide a witness list via a pretrial statement. Local Rule 16-281(b)(10),(11). Given the procedural posture of this case, Plaintiff's failure to comply with the pretrial scheduling order, and the unavailability of satisfactory alternative sanctions, the Court finds dismissal is warranted. See id. at 1228-29.

### III. Conclusion and Order

For the reasons set forth herein, it is HEREBY ORDERED that:

1. The telephonic trial confirmation hearing set for June 4, 2009, at 8:30 a.m. and jury trial set for June 29, 2009, at 8:30 a.m. are VACATED;
2. This action is dismissed, with prejudice, based on Plaintiff's non-compliance with the Court's scheduling order; and
3. The Clerk of the Court shall enter judgment and close this file.

IT IS SO ORDERED.

**Dated:    May 28, 2009**                    /s/ Lawrence J. O'Neill
                                                           UNITED STATES DISTRICT JUDGE